UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-03441-MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRY FAMANIA ROCHE,

    Defendant.

_____/

## DETENTION ORDER

THIS CAUSE came before the Court for a probable cause and pretrial detention hearing on August 30, 2022, pursuant to the Bail Reform Act, 18 U.S.C. §§ 3142(f), to determine whether Defendant, Jerry Famania Roche ("Mr. Roche" or "Defendant"), should be detained pending trial. The United States requested Defendant be detained based upon risk of flight and danger to the community.

THIS COURT has considered the factors enumerated in 18 U.S.C. §§ 3142(g), heard from the parties, their counsel, and witness(es), at the August 30, 2022, hearing, and is otherwise fully advised in the premises. For the reasons that follow, this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance at trial or the safety of the community at this time, and, therefore, that Defendant shall be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

## I.   FINDINGS OF FACT

### A.   *Nature And Circumstances Of The Offense*

Defendant is charged via complaint with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and attempted possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). If convicted, he faces a minimum term of ten years in prison. Based on the nature of the charges, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

### B.   *Weight Of The Evidence*

The weight of the evidence against Defendant is substantial. Through its proffer at the detention hearing, the Criminal Complaint, and cross-examination of Special Agent Manuel Fajin, the United States established probable cause to find Defendant committed the charged offenses.

The evidence shows that on August 22, 2022, agents retrieved a net from the outside hull of a vessel anchored off the coast of Miami after traveling from the Dominican Republic. Inside this net were several brick-shaped packages containing in total approximately 11.5 kilograms of a white powdery substance which field-tested positive for cocaine. Agents placed sham narcotics and a tracking device in this net and reattached it to the hull of the vessel underwater. At approximately 1:00 AM on August 24, 2022, agents observed a person in the water near the hull of the vessel with a flashlight. Shortly thereafter, the tracking device activated indicating that it had been brought above the waterline.

The agents followed the tracking device to the parking lot of a hotel located in the Southern District of Florida. In that parking lot, the agents observed four men, including

Defendant, interacting with the sham narcotics immediately next to a white van. The men appeared to know each other. When agents approached, the men threw the sham narcotics over a fence into a nearby lake, and three of the men, including the Defendant, left the area of the van and walked toward a nearby hotel. Agents detained the men, including the Defendant, and searched the area. They found the net, package wrappers, and diving gear in the back of the white van. One of the men was wearing additional diving gear when detained. Agents retrieved most of the sham narcotics from the lake.

### C. *History And Characteristics Of The Defendant*

Defendant was born in Puerto Rico in 1981. During an interview with pretrial services, Defendant disclosed that he joined the Ñeta gang from Puerto Rico in 1997 and has a gang tattoo on the back of his neck. His parents live together in Puerto Rico. Defendant moved to New Jersey on a full-time basis in 2016. He has three adult children with his estranged wife who live in the United States. Defendant lives in New Jersey with his girlfriend, their eight-year-old daughter, and his girlfriend's twelve-year-old daughter, although he indicated he is in the process of moving to Orlando, Florida. Defendant has a U.S. passport.

Defendant has been working at Eurotech Elevator in Elizabeth, New Jersey. He reports no mental health issues. He does smoke marijuana daily and used cocaine socially until 2017.

Defendant has a prior conviction for conspiracy to distribute at least two kilograms but less than 3.5 kilograms of cocaine in Puerto Rico, case number 05-429-49-FUESTE(D/PR). He served approximately seven years in prison for this conviction before being released on supervised release in 2014. Defendant reportedly violated supervision twice, but the disposition of those violations is unknown. A criminal history check revealed a state-

level charge for conjugal abuse in 2016 and simple assault/domestic violence in 2021, but the disposition of those charges is unknown.

## II.     REASONS FOR DETENTION

When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). By contrast, where the United States seeks to detain a defendant based on his potential danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *Id*. Because of the specific charges faced by Defendant, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. 18 U.S.C. § 3142(e)(3).

In light of the nature and circumstances of the charges against Defendant, the significant prison time he faces if convicted, the weight of the evidence against him, his prior history and gang affiliation, the information contained in the Complaint, and the evidence presented at the August 30 detention hearing, the Court finds that the United States has demonstrated by clear and convincing evidence that no condition or set of conditions would reasonably assure Defendant's appearance or the safety of the community at this time. Accordingly, Defendant must be detained pending trial in this matter.

Given that several questions about Defendant's history remain—including important questions relating to his prior violations of supervised release, interactions with the criminal justice system, and where he would live if released—this decision is open to revision upon receipt of additional information relating to the above factors.

## III. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal, Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances.

**DONE AND ORDERED** at Miami, Florida, this 1st day of September 2022.

                                             _____
                                             MELISSA DAMIAN
                                             UNITED STATES MAGISTRATE JUDGE